J-S36036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL MILES | : | |
| | : | |
| Appellant | : | No. 339 WDA 2022 |

Appeal from the Judgment of Sentence Entered February 17, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000054-2008

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JANUARY 30, 2023**

Daniel Miles appeals from the judgment of sentence imposed following revocation of his probation, which resulted in a two-to-six-year term of incarceration. On appeal, Miles challenges the discretionary aspects of this sentence, notably contending that the lower court failed to consider all relevant sentencing criteria. As a result of these apparent omissions, according to Miles, his sentence was therefore excessive and/or unreasonable. We disagree and affirm.

As gleaned from the record, in 2009, Miles pleaded guilty to, *inter alia*, two counts of possession with intent to deliver (PWID). ***See*** 35 P.S. § 780-113(a)(30). For these two offenses, Miles was aggregately sentenced to three-to-six years of incarceration to be followed by five years of probation.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Several years later, Miles was convicted, at various docket numbers, of third-degree murder, illegal possession of a firearm, three counts of PWID, and disorderly conduct. For third-degree murder, specifically, Miles received an eighteen-to-forty-year term of incarceration. The lower court, in its opinion, noted that Miles "did not report to the probation office after these convictions[,] and he was on the run after these convictions." Trial Court Opinion, 6/27/22, at 1 (first page is unenumerated).

These various convictions eventually led to a probation-violation hearing on Miles's original PWID sentences wherein it was established that Miles violated the terms of his probation. Ultimately, the court revoked Miles's probation and sentenced him to the aforementioned two-to-six years of incarceration, imposed consecutively to the third-degree murder sentence.[1]

Following sentencing, Miles filed a post-sentence motion, asserting that his post-revocation sentence was excessive and made absent consideration of the mandatory sentencing-related statutory factors. This motion was denied. After the motion's denial, Miles filed a timely notice of appeal, and subsequently, the relevant parties complied with their respective obligations under Pennsylvania Rule of Appellate Procedure 1925. As such, this appeal is ripe for review.

On appeal, Miles asks:

1. Did the trial court fail to apply all relevant sentencing criteria,

---

[1] Prior to sentencing, Miles waived his right to a pre-sentence investigation report. **See** Probation Violation Transcript, 2/17/22, at 15.

including the protection of the public, the gravity of the offense/violation, and Mile's character and rehabilitative needs, as is required by 42 Pa.C.S.A. § 9721(b), thus making Miles's sentence excessive and unreasonable?

*See* Appellant's Brief, at 5.

Miles challenges the discretionary aspects of his sentence.[2] Consequently, we are governed by our well-settled standard of review for claims in this domain. Preliminarily, we note that

[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill[-]will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Moye*, 266 A.3d 666, 676-77 (Pa. Super. 2021) (citation omitted).

With these precepts in mind, we further emphasize that, given the latitude afforded to sentencing courts, "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). Accordingly, "[a]n appellant must satisfy a

_____

[2] We note that because Miles was sentenced following the revocation of his probation, the sentencing guidelines do not apply to his sentence. *See* 204 Pa. Code § 303.1(b). However, the lower court was still required to "consider the general principles and standards of the Sentencing Code." *Commonwealth v. Russell*, 460 A.2d 316, 322 (Pa. Super. 1983).

four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id*.

The four-part test requires a showing that:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). As to what constitutes a "substantial question," an appellant must "forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted); *see also* 42 Pa.C.S.A. § 9721(b) (requiring a sentence of confinement to be consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[]"). If an appellant has satisfied his obligations under the four-part test, this Court will then review the underlying discretionary aspects of sentencing issue predicated on an abuse of discretion standard. *See Commonwealth v. Akhmedov*, 216 A.3d 307, 328-29 (Pa. Super. 2019) (*en banc*).

Here, given that Miles filed both the appropriate post-sentence motion and a timely notice of appeal and, too, through his inclusion of a concise 2119(f) statement in his brief, *see* Appellant's brief, at 12-16, he has satisfied

- 4 -

the first three requirements of the four-part test. As such, we must ascertain whether that 2119(f) statement contains a substantial question.

Distilled down, although not entirely clear, Miles asserts that the lower court failed to consider the factors identified at 42 Pa.C.S.A. § 9721(b), suggesting that, despite being presented this information, the court did not, *inter alia*, synthetize mitigating evidence or fully comprehend Miles's rehabilitative needs. Implicitly, Miles believes these consideration failures resulted in an excessive sentence.

Miles's statement, however, while replete with citations to authority, contains no information relevant to his own situation. Instead, the statement serves to baldly contend that his factual situation and argument on appeal are analogous to those other cases. Despite this infirmity, because this Court has held that a failure to consider relevant sentencing criteria, including the rehabilitative needs of a defendant, seemingly at the expense of some other focus or fixation and in tandem with an excessive sentence claim, establishes a substantial question under the Sentencing Code, ***see, e.g**., **Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2013), we may reach the merits of his underlying claim.

Miles's entire sentencing scheme, which features his independent third-degree murder conviction's sentence, amounts to an aggregate term of twenty-to-forty-six years of incarceration. For present appeal purposes, however, the concern is solely confined to the two-to-six-year judgment of

sentence imposed following probation revocation. Substantively, Miles avers that the court "abused its sentencing discretion by focusing on the gravity of the offenses [leading to probation revocation] at the expense of the other statutorily required factors." Appellant's Brief, at 17. Miles provides the proposition that an appellate court "must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines … with particular concern for whether the defendant received an individualized sentence." *Id*., at 18, *quoting* **Commonwealth v. Sarvey**, 199 A.3d 436, 456 (Pa. Super. 2018) (citation omitted).

Miles continues by outlining the discrete examples of mitigating factors that were presented to the court, which included: (1) the fact that he had been residing with his children, the children's mother, and a disabled brother he provided some level of care for; and (2) that he pleaded guilty to, and took responsibility for, the other criminal acts that led to the present finding that he violated probation. **See** Appellant's Brief, at 19. Miles also highlights the fact that because of the sentence associated with his third-degree murder conviction, he will still spend a significant time in prison even if there was no sentence associated with the present probation revocation. At the earliest, by vacating the judgment of sentence in this matter, he would be fifty-one years of age upon the expiration of his outstanding minimum term of incarceration, which, as is claimed in his brief, makes him less likely to recidivate.

In its opinion, the court writes that

the sentence imposed was justified[,] and the record in this case supports the sentence imposed by [the] [c]ourt. [Miles] acquired at least three separate felony convictions while on probation . . . . One conviction was for illegally possessing a firearm. One conviction was for engaging in similar felonious drug dealing as [had] occurred in this case. The most serious conviction was for [t]hird[-d]egree [m]urder. The probation imposed by [the] [c]ourt clearly had no impact on [Miles,] and his criminal conduct only elevated while on probation. [Miles] continued to participate in serious criminal activity to the point that he took the life of another person. [Miles] has demonstrated a pattern of criminal activity. A prior sentence of incarceration did not dissuade [him] from elevating his violent criminal behavior. [Miles's] persistent criminal conduct makes clear that a lesser sentence would not have addressed the purposes of sentencing. [The] [c]ourt considered the need for the violation sentence to vindicate the authority of [the] [c]ourt. The need to protect society from [Miles's] behavior and his need for confinement warranted the sentence imposed in this case.

Trial Court Opinion, 6/27/22, at 4.

Prior to sentencing, the court heard from Miles's counsel that Miles, having been convicted in other cases that led to the probation revocation, "admitted his guilt. He owned up to what he did." Probation Violation Transcript, 2/17/22, at 4. The court was apprised that, upon his residential arrest, "there [were] children in the house as well as the mother of his children, his disabled brother that he helped care for." *Id.*, at 5. The court even heard from Miles directly, wherein Miles conveyed to the court that he cared for his children and felt badly about what had happened. *See id*., at 16-17. However, the court also acknowledged that "he was avoiding his responsibility in this case for years while committing similar or worse felonies

during that time." *Id*., at 13.

Eventually, the court was "not persuaded by [Miles's counsel's] advocacy because [he] was on the [lam]. [Miles] avoided supervision. The point of supervision is to help someone who is trying to recover to not get convicted and get back in the community." *Id*., at 14. The court continued: "[Miles] rejected that outright through [his] conduct. [He] avoided it and went out on criminal terror … drug dealing and killing, guns." *Id*. The court then stated that it intended to sentence Miles to a term of incarceration, which it proceeded to do several minutes later.

While the court clearly illuminated the severity of Miles's other crimes, it is altogether unclear what Miles would have wanted the lower court to explicitly say or find. Miles states that the court was worried the sentence associated with his third-degree murder conviction, standing alone, was insufficient punishment. *See* Appellant's Brief, at 21. Seemingly, then, we gather that Miles wanted some sort of explanation as to why his "revocation sentence needed to be imposed consecutively[.]" *Id*. Without this clarification, his "sentence was not individualized, nor was it objectively reasonable under the facts and circumstances at hand." *Id*.

Miles provides no authority related to his allegation that a consecutive sentencing scheme, wherein his probation revocation sentence was appended to his third-degree murder sentence, required some sort of specific on-the-record explanation. However, the record does provide several statements

from the court establishing why it felt compelled to sentence him in this way, notably emphasizing the severity of the crimes he had pleaded guilty to, his dereliction of obligations while on probation, and his outright disregard for living a law-abiding life. *See, e.g*., Probation Violation Transcript, 2/17/22, at 14.

We are required to "give great weight to the sentencing judge's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." *Commonwealth v. Andrews*, 720 A.2d 764, 768 (Pa. Super. 1998). Moreover, Miles does not suggest that his post-probation revocation sentence was somehow violative of the court's inherent power to impose such a sentence.

Other than seeming to desire a reweighing of the facts underpinning Miles's life/circumstances in conjunction with wanting this Court to ascribe heavy weight to the notion that he will be in his fifties, at the earliest, upon the expiration of his minimum incarceration term, Miles has presented no cogent reason to deviate from the trial court's sentencing determination. Furthermore, Miles has failed to show, with any amount of clarity, that the court's treatment of his sentence was a violation of statute or precedent.

Miles's brief does not acknowledge his behavior while he was still on probation, nor does it concede that the court, unequivocally stated on the record prior to sentencing, was concerned not only with protecting the public

at large, but it was also troubled by Miles's lack of ability, heretofore, to become rehabilitated. Effectively, then, Miles's brief does not provide a holistic account of the situation. Accordingly, for these various reasons, we see no basis to find that the court's sentence was somehow excessive or unreasonable; the court was clearly apprised of all of the relevant information it needed to make such a sentencing determination and integrated those elements into its ultimate disposition of his sentence.

As we conclude the sole issue raised by Miles to warrant no relief, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2023